UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TOWN OF POUGHKEEPSIE,

                              Plaintiff,

        -against-

SOUTH ROAD HOSPITALITY LLC (d/b/a Red
Roof Plus), HUDSON CONFERENCE CENTER
LLC (d/b/a Holiday Inn Poughkeepsie), and
SANDIP PATEL,

                              Defendants.

---

**OPINION AND ORDER**

23-CV-04214 (PMH)

PHILIP M. HALPERN, United States District Judge:

        The Town of Poughkeepsie ("Plaintiff" or "Town") commenced an action on May 19, 2023

in the Supreme Court of the State of New York, County of Dutchess, against South Road

Hospitality LLC (d/b/a Red Roof Plus), Hudson Conference Center LLC (d/b/a Holiday Inn

Poughkeepsie), and Sandip Patel (together, "Defendants"), seeking to enjoin Defendants'

anticipated use of two hotel properties: the Red Roof Plus located at 2349 South Road,

Poughkeepsie, New York and the Holiday Inn Poughkeepsie at 2170 South Road, Poughkeepsie,

New York (together, the "Sites"). (Doc. 1-1, "Compl." ¶ 2).

        Defendants removed this action on May 21, 2023 from state court pursuant to 28 U.S.C. §

and 1446. (Doc. 1 at 1). Defendants allege, in their Notice of Removal, that "federal question

jurisdiction lies over Plaintiffs' state-law claims because they implicate significant federal issues

including, but not limited to, the Supremacy Clause of the United States Constitution." (Notice ¶

28). The Court directed the parties, on June 1, 2023, to submit letters as to why the action should

not be remanded for lack of subject matter jurisdiction. (Doc. 10). Defendants filed, on June 8,

2023, an Amended Notice of Removal, which asserted that jurisdiction exists under 28 U.S.C. § 1443 in addition to 28 U.S.C. § 1441. (Doc. 15, "Am. Notice").

Before the Court is Plaintiff's motion to remand. Plaintiff filed, pursuant to the briefing schedule set by the Court, its motion to remand on July 3, 2023. (Doc. 21; Doc. 22, "Pl. Br."). Defendants filed their opposition on July 25, 2023 (Doc. 22, "Def. Br."), and the motion was fully briefed with the filing of Plaintiff's reply (Doc. 24, "Reply"). Plaintiff filed a letter attaching supplemental authority on February 5, 2024 supporting remand (Doc. 29) and Defendants filed a response on February 6, 2024 (Doc. 30). Plaintiff filed a second letter on March 1, 2024 attaching additional supplemental authority supporting remand (Doc. 31) and Defendants filed a response on March 4, 2024 (Doc. 32).[1]

For the reasons set forth below, Plaintiff's motion is GRANTED and this case is remanded to the Supreme Court of the State of New York, County of Dutchess.

## BACKGROUND

The following facts are drawn from the Complaint, which the Court accepts as true for the purposes of the motion to remand. *See Torres v. St. Vincent DePaul Residence*, No. 22-CV-07012, 2023 WL 2754305, at *1 n.1 (S.D.N.Y. Apr. 3, 2023); *Skornick v. Principal Fin. Grp.*, 383 F.

---

[1] Defendants informed the Court of a similar action proceeding in the Northern District of New York, *Town of Salina, New York v. CWP Syracuse I LLC*, No. 23-cv-00748 (N.D.N.Y) in which Judge D'Agostino stayed the action pending a decision from the court on a motion to dismiss in *Palisades Estates EOM, LLC v. County of Rockland, New York*, 23-cv-04215 (S.D.N.Y.). (Doc. 31). Defendants argued that "a similar stay is warranted here." (*Id.*). Plaintiff opposed Defendants' request for a stay and argued that "[t]here is no reason to defer remanding this case to state court." (Doc. 32). The Court agrees. Judge D'Agostino issued a stay in the *Town of Salina* action "because of the similarity of issues raised" in the two actions. (Doc. 31, Ex. A). No such similarity of issues exists here. Defendants have twice sought to deem the instant case related to the *Palisades Estates* action before Judge Román and have been twice rejected. (*See* May 26, 2023 Dkt. Entry (case declined as not related); Doc. 19 ("Pryor Cashman has not made a showing that *Newburgh* and *Poughkeepsie* satisfy the standard for relatedness under Rule 13 of the Rules for the Division of Business Among District Judges. In addition, on the face of the *Newburgh* and *Poughkeepsie* complaints, those cases concern different local municipal codes, and do not affirmatively raise federal claims like in *Deide* and *Palisades*")). Accordingly, Defendants' request for a stay is denied.

Supp. 3d 176, 178 n.1 (S.D.N.Y. 2019).[2] Because the validity of a removal petition involves a jurisdictional inquiry, the Court may draw additional facts where necessary from the parties' submissions, such as exhibits attached to the notice of removal or the motion papers. *See Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010); *Torres*, 2023 WL 2754305, at *1 n.1; *Winters v. Alza Corp.*, 690 F. Supp. 2d 350, 353 n.3 (S.D.N.Y. 2010).

New York City ("City") Mayor Eric Adams announced, on May 5, 2023, a program to provide up to four months of temporary shelter and other City-funded services for asylum seekers at locations in nearby New York counties. (Compl. ¶ 3). Plaintiff alleges that the City is attempting to enter into agreements with Defendants to provide temporary shelter and related services to asylum seekers at the Sites. (*Id.* ¶¶ 7, 11-15). The Sites are zoned as a "Highway Business (BH)" and the operation of a hotel is a permitted use in the BH zone. (*Id.* ¶ 5). Plaintiff alleges that the use of the Sites to house asylum seekers would be in violation of the Town of Poughkeepsie Code § 210-13F. (*Id.* ¶ 7). Dutchess County Executive William F. X. O'Neill executed a Local State of Emergency and Executive Order on May 18, 2023 regarding the "migrant housing and service influx" which Plaintiff alleges "makes it a Class B Misdemeanor to engage in the behavior which the Town seeks to enjoin." (*Id.* ¶¶ 16-17, Ex. F).

Plaintiff seeks (i) to restrain and enjoin Defendants from providing migrant shelter and related services to persons referred or brought to them by the City at the Sites pending Defendants' application for and received of amended certificates of occupancy allowing migrant shelter and services to be provided at the Sites; and (ii) a declaration that Defendants' participation with the

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

City in the provision of housing and related services to migrants at the Sites is violative of Town of Poughkeepsie Code § 210-13F. (*Id.* at 4-5).

## STANDARD OF REVIEW

Removal jurisdiction, as a general matter, must be "strictly construed," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and any doubts should be resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of the states," *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007). The party seeking removal bears the burden of demonstrating that removal is proper. *See McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) ("The defendant, as the party seeking removal and asserting federal jurisdiction, bears the burden of demonstrating that the district court has original jurisdiction."); *Montefiore Med. Ctr. v. Teamsters Loc.*, 272, 642 F.3d 321, 327 (2d Cir. 2011) ("A party seeking removal bears the burden of showing that federal jurisdiction is proper."); *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) (Sotomayor, J.) ("On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper."). The removing party "bears the burden of establishing to a 'reasonable probability' that removal is proper." *Anwar v. Fairfield Greenwich Ltd.*, 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009) (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006)). "Unless that burden is met, the case must be remanded back to state court. At this stage therefore, the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) (citing *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000)).

## DISCUSSION

Defendants assert two grounds for removal: (1) under 28 U.S.C. § 1443(1) as a civil rights case, and (2) in the alternative, under the exception to 28 U.S.C. § 1441 articulated by the Supreme Court in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). (Am. Notice ¶¶ 12-31, 32-34). The Court addresses each ground in turn.

I.   Removal Under 28 U.S.C. § 1443

Section 1443(1) permits removal from state court of civil actions or criminal prosecutions against "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).[3] "[A] removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)); *see also Crown Asset Mgmt., LLC v. Cunningham*, No. 22-938, 2022 WL 17660543, at *1 (2d Cir. Dec. 14, 2022). "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson*, 421 U.S. at 219. This provision "normally requires that the denial be manifest in a formal expression of state law," unless "an equivalent basis could be shown for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court." *Id.*

---

[3] Defendants concede that they "cannot—and do not—remove under 1443(2) known as the 'failure to act' clause, which applies only to state officers." (Def. Br. at 9, n.4). The Court therefore only analyzes the propriety of Defendants' removal under Section 1443(1).

A. <u>Prong One: Denial of a Right Arising Under Federal Law</u>

Removal under Section 1443(1) is proper "only where the asserted civil right relates to racial equality." *Crown Asset Mgmt.*, 2022 WL 17660543, at *1. Plaintiff concedes that the federal statutes Defendants rely upon in the Amended Notice are "civil rights statute[s] specifically promoting racial equality" but argue that Defendants nevertheless fail to meet their burden under the first prong because "Defendants do not argue they were denied a civil right based on *their* race." (Pl. Br. at 9 (emphasis in original)). Defendants argue that "*Rachel* and its progeny confirm that the Defendants have also met the second prong of [Section] 1443(1) as the Amended Removal Petition alleges that the Defendants are denied the right to enforce their federal rights of Title II and [Section] 1981 in State court." (Def. Br. at 12).

The Supreme Court, in *Rachel*, held that the Civil Rights Act of 1964 "is clearly a law conferring a specific right of racial equality" and is therefore a "law providing for equal civil rights within the meaning of 28 U.S.C. § 1443(1)." 384 U.S. at 793. Section 1981 and the Fourteenth Amendment's Equal Protection Clause are likewise "laws providing for the equal civil rights that may be an appropriate basis for removal under [S]ection 1443(1)." *Town of Newburgh, New York v. Newburgh EOM LLC*, No. 23-CV-04212, 2024 WL 262801, at *5 (S.D.N.Y. Jan. 23, 2024) (collecting cases). Defendants allege, in the Amended Notice, that Plaintiff "pretextually and selectively prosecutes neutrally facial zoning laws" in a racially discriminatory manner in violation of Title II, Section 1981, and the Equal Protection Clause. (Am. Notice ¶ 26). This is sufficient to satisfy the first prong for removal under Section 1443(1).

B. <u>Prong Two: Denial or Inability to Enforce Federal Rights in State Court</u>

Under the second prong, Defendants must establish that they were "denied or cannot enforce the specified federal rights in the courts of the State." *Johnson*, 421 U.S. at 219. "The

purpose of the second prong 'deny or cannot enforce' requirement 'is to give state courts the power and opportunity to correct alleged denials of a citizen's civil rights whenever possible, and thereby to avoid unnecessary federal interference with state judicial processes.'" *New Haven Firefighters Loc. 825 v. City of New Haven*, 120 F. Supp. 3d 178, 202 (D. Conn. 2015) (quoting 14C Wright, Miller & Cooper, *Federal Practice & Procedure* § 3727 (4th ed.)). "The vindication of the defendant's federal rights is left to the state courts except in the *rare situations* where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966). Defendants argue that they satisfy the second prong under Section 1443(1) because the Amended Notice "alleges that Poughkeepsie's selective prosecution and enforcement of its facially neutral zoning laws seeking injunctive relief in this civil action is the direct result of and evidences racial discrimination barred" by Title II and Section 1981. (Def. Br. at 15).

Defendants do not allege that in the Amended Notice that their federal rights have actually been denied by the state court, or that they cannot enforce those rights in state court. Defendants vaguely allege that "[c]ontinued proceedings in the courts of New York State shall constitute a continued denial of Defendants' civil rights" but fail to allege any facts showing that they are unable to enforce their federal rights in state court. The underlying state court record, to the contrary, shows that the state court declined to issue Plaintiff's requested temporary restraining order and Defendants removed the case before the scheduled hearing on Plaintiff's motion for preliminary injunction. (Doc. 15-3 at 57-59). Defendants have failed to allege that this is one of those rare situations in which it can be "clearly predicted" that Defendants' federal rights "will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Peacock*,

7

384 U.S. at 828. Defendants fail to meet the second prong of the test for removal under Section 1443(1) because they fail to allege any facts showing that they "would be unable 'to present to a state court [their] claims or defenses arising out of a federal civil rights statute.'" *Newburgh EOM*, 2024 WL 262801, at *7 (quoting *New Haven FireFighters*, 120 F. Supp. 3d at 204)).

Accordingly, removal is not proper under 28 U.S.C. § 1443(1).[4]

## II.   Removal Under the *Grable* Exception to 28 U.S.C. § 1441

The Amended Notice alternatively alleges that removal is proper under 28 U.S.C. § 1441 pursuant to *Grable & Sons Metal Products, Inc., v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005) because the Plaintiff's alleged selective enforcement of its facially neutral zoning laws "necessarily and directly implicates significant federal issues." (Am. Notice ¶¶ 32-42). "In determining whether a state law claim warrants the exercise of federal jurisdiction, [the Second Circuit applies] the four-factor test set forth in *Gunn* and *Grable*" pursuant to which federal jurisdiction exists over a state law claim if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 140 (2d Cir. 2021) (citing *Gunn v. Minton*, 568 U.S. 251 (2013); *Grable*, 545 U.S. 308 (2005)). "For a federal issue to be necessarily raised, the mere presence of a federal issue in a state cause

---

[4] Defendants argue, in the alternative, that they are entitled to an evidentiary hearing "to prove the Amended Removal Petition's allegations to establish 1443(1) removal jurisdiction." (Def. Br. at 15-17). Defendants rely upon, in requesting an evidentiary hearing, out-of-circuit cases in which hearings on the motives of the plaintiff or prosecutor were appropriate because the court had a reason to believe that if discrimination was at work, the defendant's federal rights would not be protected in state court. *See Rachel*, 384 U.S. at 805 (having to defend prosecutions under state criminal trespass law, if brought for racial reasons, would itself amount to denial of federal rights under section 203(c) of the Civil Rights Act of 1964); *City of Baton Rouge v. Douglas*, 446 F.2d 874, 875 (5th Cir. 1971) (per curiam) (to the same effect); *Mahaney v. State of La.*, 427 F.2d 850, 851 (5th Cir. 1970) (per curiam) (same); *Walker v. State of Ga.*, 405 F.2d 1191, 1192 (5th Cir. 1969) (same); *Achtenberg v. State of Miss.*, 393 F.2d 468, 475 (5th Cir. 1968) (same). No such factual dispute exists here regarding Plaintiff's motives for bringing this action, and as such Defendants' request for an evidentiary hearing is denied.

of action is insufficient; the pertinent question of federal law must be a necessary element of one of the well-pleaded state claims." *State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 140 (2d Cir. 2023). This inquiry "must be unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit the defense is the only question truly at issue in the case." *Tantaros*, 12 F.4th at 141. "A mere speculative possibility that a federal question may arise at some point in the proceeding is insufficient to establish jurisdiction in federal court." *Id.*

Defendants argue that resolution of this case necessarily raises several federal issues, namely whether Defendants' civil rights may be "be vitiated by discriminatory application of facially neutral zoning laws." (Def. Br. at 21). The federal issue that Defendants have identified, whether Plaintiff's application of facially neutral zoning laws is racially discriminatory, is not a necessary element of Plaintiff's claim. Plaintiff's Complaint does not refer to immigration policy or discrimination, and instead only seeks a determination that Defendants' use of the Sites violates Town of Poughkeepsie Code § 210-13F. (*See* Compl.). Defendants have failed to establish that resolution of this case does requires the application of federal law. *Tantaros*, 12 F.4th at 141 ("federal jurisdiction exists if a court must apply federal law to the plaintiff's claim in order to decide the case"). Plaintiff's claims can succeed or fail without reaching any federal issues and as such, Defendants have failed to satisfy the first step for removal under *Grable*.[5]

Accordingly, removal is not proper under 28 U.S.C. § 1441.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand is GRANTED.

---

[5] The Court "need not consider the remaining [*Grable*] factors" given the conclusion reached herein that Defendants have failed to satisfy the first requirement. *Newburgh EOM*, 2024 WL 262801, at *8.

The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 21 and remand this case to the Supreme Court of the State of New York, Dutchess County.

**SO ORDERED.**

Dated:  White Plains, New York
        March 15, 2024

_____
PHILIP M. HALPERN
United States District Judge